IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| R. SADLER BAILEY, Individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 05-2063-D |
| HONEYWELL INTERNATIONAL INC., | ) ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION OF PLAINTIFF TO REMAND

Before the Court is the motion of R. Sadler Bailey, individually and on behalf of all others similarly situated, ("Plaintiff") to remand the instant action to the Circuit Court for the Thirtieth Judicial District of Tennessee, Shelby County. For the following reasons, the Court **DENIES** Plaintiff's motion to remand.

Plaintiff initiated an action against Honeywell International Inc. ("Defendant") in the Circuit Court of Shelby County. The Complaint asserted claims for violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101 et seq., and the Tennessee Trade Practices Act, Tenn. Code Ann. §§ 47-25-101 et seq. Defendant removed the case the United States District Court for the Western District of Tennessee. Plaintiff, in response, filed the instant motion to remand.

Plaintiff asserts that this Court does not have subject matter jurisdiction, and as such, removal of the case to this Court was in error. Defendant contends that the Court has jurisdiction pursuant to 28 U.S.C. § 1338. As discussed below, the Court finds that it does have jurisdiction over the case.

A civil action initiated in state court may be removed to federal court only if a federal court could have exercised original jurisdiction in the case. 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil actions arising under any Act of Congress relating to patents. 28 U.S.C. § 1338(a). Jurisdiction under § 1338(a), however, extends only to cases in which a well-pleaded complaint establishes either that 1) federal patent law creates the cause of action; or 2) the plaintiff's right to relief depends on resolution of a substantial question of federal patent law, such that patent law is a necessary element of one of the well pleaded claims. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988).

Defendant maintains that Plaintiff's claims hinge on a substantial question of federal patent law, thus vesting the Court with jurisdiction pursuant to the second prong of Christianson. Under this prong, a court "must ascertain whether all the theories by which a plaintiff could prevail on a claim rely solely on resolving a substantial question of federal patent law." Conroy v. Fresh Del Monte Produce Inc., 325 F. Supp. 2d 1049, 1055 (N.D. Cal. 2004) (quoting Hunter Douglas, Inc. v. Harmonic Design, Inc., 153 F.3d 1318, 1328-29 (Fed. Cir. 1998)). "[F]ederal jurisdiction generally exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. (quoting Holmes Group v. Vornado Air Circulation Sys. Inc., 535 U.S. 826, 831, (2002)). An affirmative defense or counterclaim cannot usurp the plaintiff's choice of forum. Id.

> Challenges to the validity or enforceability of a patent, however, raise a federal question in the same way that an infringement claim otherwise would. Invalidity, enforceability and infringement are "substantial in the federal scheme, for they are essential to the federally created property right: one determines whether there is a property right, another whether the right is enforceable, and the third what is the scope of that right."

Id. (citations omitted).

2

The Complaint alleges generally that Defendant:

> engaged in illegal, unfair, deceptive and unlawfully monopolistic practices in connection with the sale of its circular thermostats in Tennessee. [Defendant] misrepresented that it had a proper trademark and then threatened rival thermostat manufacturers with litigation so as to discourage such rivals from competing in the circular thermostat market.

Compl. ¶ 5. The Complaint goes on to state:

> The illegal and deceptive business practices have included: threatening and coercing rival thermostat manufacturers into not producing competing circular thermostats by a pattern of sham and baseless trademark infringement litigation; deceiving the PTO [Patent Trade Office] into believing no competition existed for the [thermostat], something [Defendant] knew to be false, and thereby securing a registered trademark; combining with a rival manufacturer to prevent that rival giving unfavorable testimony to the PTO concerning a trademark application; and purchasing at least one rival thermostat manufacturer so as to suppress competition for circular thermostats in the relevant market and to mislead the PTO.

Compl. ¶ 77. Thus, the Complaint relies heavily on allegations that Defendant's procurement of a trademark was fraudulently obtained and that Defendant used the procurement of the trademark to unlawfully monopolize the sale of circular thermostats. As such, the resolution of Plaintiff's state law claims necessitates a determination of the validity and enforceability of Defendant's trademark. Unlike the claims in <u>Conroy</u>, the claims in the instant action all hinge on Plaintiff's ability to establish that Defendant perpetrated a fraud on the PTO, thus allowing Defendant to unlawfully monopolize the circular thermostat industry via sham litigation. The Court finds, therefore, that Plaintiff's claims depend on the resolution of a substantial question of federal patent law. As such,

the Court holds that, pursuant to <u>Christianson</u>, removal jurisdiction exists. Accordingly, the Court **DENIES** Plaintiff's motion for remand.

**IT IS SO ORDERED** this \_\_\_\_4th\_\_\_\_ day of May, 2005.

_____
BERNICE BOUIE DONALD
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 25 in case 2:05-CV-02063 was distributed by fax, mail, or direct printing on May 5, 2005 to the parties listed.

---

Benjamin G. Bradshaw
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006--400

Robert J. Bonsignore
BONSIGNORE AND BREWER
23 Forest Street
Medford, MA 02155

Robin Brewer
BONSIGNORE AND BREWER
23 Forest Street
Medford, MA 02155

R. Christopher Gilreath
GILREATH & ASSOCIATES
6256 Poplar Ave.
Memphis, TN 38119

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Jill S. Abrams
ABBEY GARDY, LLP
212 East 39th Street
New York, NY 10016

J. Brook Lathram
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Sidney Gilreath
GILREATH & ASSOCIATES
550 Main Avenue
Ste. 600
Knoxville, TN 37902

Daniel J. Mogin
THE MOGIN LAW FIRM, P.C.
110 Juniper Street
San Diego, CA 92101--150

Courtney E. Ellis
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Angela Thaler Wilks
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006--400

Richard G. Parker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006--400

Ian Simmons
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006--400

Honorable Bernice Donald
US DISTRICT COURT