```
                                              FILED BY ___ D.C.
    IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE        05 MAY 23  PM 2:55
             WESTERN DIVISION
                                              ROBERT R. DI TROLIO
                                                   DIST. CT.
                                                 W.D. OF TN. MEMPHIS
```

R. SADLER BAILEY, Individually )
and on behalf of all others )
similarly situated, )
)
Plaintiff, )   No. <u>05-2063 D/P</u>
)
vs. )
)
HONEYWELL INTERNATIONAL, INC., )
)
Defendant. )

---

## ORDER GRANTING DEFENDANT'S MOTION TO STAY

Before the Court is Defendant's Motion to Stay, filed on January 24, 2005 (dkt #2). Plaintiffs filed their response February 9, 2005. On March 10, 2005, this Court held a hearing on the motion and counsel for all parties were present and heard. For the following reasons, the motion is GRANTED.

According to the complaint, Honeywell International, Inc. ("Honeywell") is a manufacturer of a mercury-based, electromechanical round thermostat (the "Honeywell Round Thermostat" or "HRT"). The HRT was a highly successful product, and Honeywell sought a trademark of the design. The Plaintiffs claim that Honeywell fraudulently obtained a trademark from the U.S. Patent and Trademark Office ("PTO"), which it then used to threaten rivals with litigation. In addition, the Plaintiffs

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 5-24-05



allege that Honeywell combined with rivals and made arrangements with rivals to prevent the PTO from learning of competing products. These actions by Honeywell, Plaintiffs contend, resulted in an unreasonable restraint on trade and an unlawful monopoly of the round thermostat market, which caused supra-competitive prices for the HRT. As indirect purchasers of the round thermostats, the Plaintiffs allege that they were injured by artificially inflated prices, which were a direct and proximate result of Honeywell's actions. The Plaintiffs' claims are based on the Tennessee Trade Practices Act, Tenn. Code Ann. §§ 47-25-101 et seq., and the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101 et seq.

On January 24, 2005, Honeywell removed the case from circuit court in Tennessee to federal district court. Honeywell asserted that removal was proper because the case turned on a federal question of trademark law. The Plaintiffs filed a motion to remand on February 9, 2005, alleging that the district court had no jurisdiction because the case was brought under Tennessee law.

Because several similar cases are pending in different jurisdictions, Honeywell filed a motion with the Judicial Panel on Multidistrict Litigation ("MDL Panel") seeking to transfer all pending Honeywell round thermostat-related federal class action suits to a single court for coordinated pretrial proceedings. Honeywell then filed the present motion to stay the proceedings

-2-

until the MDL Panel resolves these pending motions for transfer. Honeywell asserts that an order to stay would conserve judicial resources, reduce the burden on the parties, prevent duplicative litigation, and avoid potentially inconsistent rulings. In addition, Honeywell contends that an order to stay would accommodate an orderly transfer of all similar pending federal actions to one federal court should the MDL Panel rule in Honeywell's favor on the pending motion to transfer.

In their response to Honeywell's motion, the Plaintiffs allege that Honeywell's motion to stay is premature and deficient in that the motion ignores the fundamental issue of jurisdiction. The motion to stay, Plaintiffs assert, is an attempt by Honeywell to prevent the Plaintiffs from having their motion for remand heard by the Court.

However, on May 5, 2005, the Court denied Plaintiffs' motion to remand. The Court ruled that the federal court has original jurisdiction of civil actions arising under federal patent law when the patent law creates the cause of action, or, as in this case, the Plaintiffs' right to relief depends on a substantial question of federal patent law. This ruling disposes of the Plaintiffs' primary (and perhaps only) argument against the motion to stay.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel,

and for litigants." Landis et al. v. North American Co., 299 U.S. 248, 254 (1936). In this case, the Court concludes that a stay would conserve judicial resources and expenses and costs to the parties until the MDL Panel makes a decision on the motion to transfer. The Court further concludes that the Plaintiffs will not be prejudiced by a stay.

Accordingly, the Court GRANTS the motion to stay. The parties shall contact this Magistrate Judge within three days after a decision is made by the MDL Panel to set a scheduling conference, if necessary.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge


_____5/23/05_____
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 26 in case 2:05-CV-02063 was distributed by fax, mail, or direct printing on May 24, 2005 to the parties listed.

---

Angela Thaler Wilks
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006--400

Jill S. Abrams
ABBEY GARDY, LLP
212 East 39th Street
New York, NY 10016

J. Brook Lathram
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Sidney Gilreath
GILREATH & ASSOCIATES
550 Main Avenue
Ste. 600
Knoxville, TN 37902

R. Christopher Gilreath
GILREATH & ASSOCIATES
6256 Poplar Ave.
Memphis, TN 38119

Ian Simmons
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006--400

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Richard G. Parker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006--400

Courtney E. Ellis
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Benjamin G. Bradshaw
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006--400

Robert J. Bonsignore
BONSIGNORE AND BREWER
23 Forest Street
Medford, MA 02155

Robin Brewer
BONSIGNORE AND BREWER
23 Forest Street
Medford, MA 02155

Daniel J. Mogin
THE MOGIN LAW FIRM, P.C.
110 Juniper Street
San Diego, CA 92101--150

Honorable Bernice Donald
US DISTRICT COURT